ON MOTION FOR REHEARING
PER CURIAM.
The Cross-Appellant, Dr. Ezer Ojeda, has filed a motion for rehearing. We grant rehearing only as to the issue raised in Dr. Ojeda’s cross-appeal. We, therefore, withdraw our prior opinion and substitute the following in its place.
We affirm as to all issues raised by the parties in this appeal, except as to the notice issue raised by Dr. Ojeda in his cross-appeal under section 766.316, Florida Statutes (2011). Dr. Ojeda bases his motion for rehearing on Weeks v. Florida Birth-Related Neurological, 977 So.2d 616 (Fla. 5th DCA 2008), wherein this court specifically held that under section 766.316, “the formation of the provider-obstetrical patient relationship is what triggers the obligation to furnish the notice.” Id. at 618-19. This court further made it clear that “[t]he determination of when this relationship commences is a question of fact” and concluded that “[wjhen the patient first becomes an ‘obstetrical patient’ of the provider and what constitutes a ‘reasonable time’ are issues of fact. As a result, conclusions might vary, even where similar situations are presented.” Id. at 619, 620.
Our analysis of the Order under review does reveal, as correctly stated in Dr. Oje-da’s brief, that the Administrative Law Judge (ALJ) did not make a finding as to when the relationship commenced between N.R. (the patient) and Dr. Ojeda, and this *465 finding is required under Weeks.[1] Therefore, we reverse that part of the Order under review relating to the notice issue raised by Dr. Ojeda in his cross-appeal and remand this case for further proceedings to determine when that relationship was formed. See § 766.309(l)(d), Fla. Stat. (2011) (“The administrative law judge shall make the following determinations based upon all available evidence: ... Whether, if raised by the claimant or other party, the factual determinations regarding the notice requirements in § 766.316 are satisfied. The administrative law judge has the exclusive jurisdiction to make these factual determinations.”); Fla. Birth-Related Neurological Injury Comp. Ass’n v. Fla. Div. of Admin. Hearings, 948 So.2d 705, 717 n. 18 (Fla.2007) (noting that the 2006 amendment to section 766.309, Florida Statutes, “ ‘clarifies that since July 1,1998, the administrative law judge has had the exclusive jurisdiction to make factual determinations as to whether the notice requirements in s. 766.316, Florida Statutes, are satisfied.’ ” (quoting Ch. 2006-8, § 2, at 194, Laws of Fla.)); see also Fla. Health Seis. Ctr., Inc. v. Div. of Admin. Hearings, 974 So.2d 1096, 1099-1100 (Fla. 2d DCA 2007) (“Because it was the healthcare providers who sought the affirmative application of these provisions, the burden rested on them to show that the statutory requirements were met.” (citing Balino v. Dep’t of Health & Rehabilitative Servs., 348 So.2d 349, 350 (Fla. 1st DCA 1977) (observing that “the burden of proof, apart from statute, is on the party asserting the affirmative of an issue before an administrative tribunal”))).
Accordingly, we reverse that part of the Order under review relating to Dr. Ojeda and remand this case for further proceedings. On remand, the ALJ should make a specific finding relating to the timing of the formation of the provider-obstetrical patient relationship between N.R. and Dr. Ojeda.
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA, WALLIS, JJ. and JACOBUS, Senior Judge, concur.

. As Dr. Ojeda states in pertinent part in his reply brief, "the proper evaluation as to Dr. Ojeda, individually, would have been for the ALJ to ascertain when the provider-obstetrical relationship was established between Dr. Oje-da and N.R. This is mandated by Weeks. While the AU specifically made a finding as to when Dr. Maki formed a professional relationship with N.R., the ALJ did not do so as to Dr. Ojeda.”